Josephine BANKS, Plaintiff-Appellee,

v.

ST. FRANCIS HOSPITAL,
Defendant-Appellant.

Supreme Court of Tennessee,
at Jackson.

Sept. 16, 1985.

Eugene C. Gaerig, Memphis, for plaintiff-appellee.

Fred M. Ridolphi, Jr., S. Russell Headrick, Stewart C. Stallings, Memphis, for defendant-appellant; Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, of counsel.

## OPINION

BROCK, Justice.

In this worker's compensation case the trial court awarded benefits for permanent, total disability, as well as benefits for temporary total disability and medical expenses. The employer has appealed, asserting that the action is barred by the statute of limitations of one year, that the award is not supported by the evidence, and that the trial judge did not decide certain objections that the defendant made to hypothetical questions; plaintiff asserts that the appeal is frivolous and prays that damages be awarded accordingly. We affirm.

Plaintiff was employed by the St. Francis Hospital as a "central dispatch technician" and, although she was only 5'4" tall, her duties required her to restock carts, which were 5'7" high and weighed between 60 and 70 lbs. when fully loaded. These carts were used by the plaintiff to move medical supplies to various floors and stations of the hospital. Plaintiff was employed on a shift beginning at 10:30 p.m. and ending at 6:30 a.m. Plaintiff's duties involved lifting, bending, stooping, working with computers, answering phones, procuring supplies, restocking parts, obtaining boxes and unloading boxes. Plaintiff had to "do nine carts" during her eight-hour shift and she considered her job to be a "pressure job."

On the morning of January 23, 1982, while lifting a box of bed pads above her head in an effort to place them on the top of a cart she felt a very sharp pain in her chest requiring that she halt her work and seek treatment at the Baptist Hospital in Memphis.

She had suffered chest pains on other occasions during the previous two weeks but never one so intense or lasting so long as the pain encountered on the job while lifting as above described on January 23, 1982. Upon her admission to Baptist Hospital, the plaintiff related to the attending physician two prior occasions of chest pain not related to exertion, although she did relate the January 23 episode of pain to exertion on the job.

During this hospitalization, diagnostic tests, including an EKG and cardiac catheterization, were performed and she was found to have a 95% stenosis, or blockage, of a coronary artery. A coronary artery bypass was performed on January 29, 1982, and she was discharged from the hospital on February 10, 1982.

Plaintiff was permitted to return to work on May 13, 1982, but was rehospitalized on June 24, 1982, for recurring chest pain, depression and pain and swelling in her legs. Again, she was discharged from the hospital on July 9, 1982, but readmitted on October 29, 1982, for chest pain and was discharged on November 22, 1982.

The plaintiff's last day of work was June 16, 1982.

In an exhaustive written findings of fact and conclusions of law the trial judge found that the physical exertion performed by the plaintiff on January 23, 1982, and other occasions had aggravated a pre-existing heart disease, the 95% stenosis of a coronary artery, and that this aggravation of that condition and the effects of the bypass surgery done in an effort to correct it had rendered the plaintiff temporarily totally disabled for a period of 15 weeks and permanently totally disabled beginning June 16, 1982, the last date on which she performed work. Likewise, the trial judge held that the filing of this action on January 28, 1983, was within the one year period of limitations.

■ The testimony of the plaintiff and that of her attending physician, Dr. Austin, support the finding that she was not aware of this disability or of the fact that it was causally connected to the performance of her work until a point well within one year prior to the filing of this action. It is a familiar principle, of course, that it is the date that an employee's disability manifested itself to a person of reasonable diligence, rather than the date of the accident, if a different date, which triggers the statute of limitations. *Jones v. Home Indem. Ins. Co.*, Tenn., 679 S.W.2d 445 (1984).

■ Here, the employee, who was 48 years of age and had only a tenth grade education, testified that she had previously experienced chest pain on at least two occasions within the three weeks prior to January 23, 1982, when she experienced the intense episode of pain in her chest. She also testified that the only difference between these prior episodes of chest pain and the one experienced on January 23, 1982, was that the latter pain was of longer duration and more intense.

Dr. Painter, the thoracic surgeon who performed the bypass surgery for the plaintiff, wrote a letter to the defendant on April 28, 1982, in which he stated that plaintiff could return to work on May 13,

1982, with no limitations respecting physical activity. Plaintiff's treating physician, Dr. Austin, also released the plaintiff to return to work on May 12, 1982.

Dr. Austin also testified that at no time did he discuss with the plaintiff whether or not her work had aggravated her pre-existing heart condition. The plaintiff herself testified that there were no discussions with any of her physicians regarding a causal relationship between her work activity and the aggravation of her heart condition. She further testified that when she returned to work on May 13, 1982, she was not experiencing any chest or leg pain and that it was only after her return to work on that occasion that she began to experience such symptoms.

We conclude that this evidence considered as a whole sustains the finding of the trial court that this action was filed within the one year period of limitations.

■ We also conclude that the evidence abundantly supports the findings and conclusions of the trial court that the plaintiff has sustained a permanent total disability and that it resulted from the aggravation of her pre-existing heart defect brought on by the bending, stooping and lifting and other exertions of the plaintiff in performing her duties for the defendant. Thus, Dr. Kit Mays, a pain specialist who treated the plaintiff, testified that the work, including the necessary bending, stooping, and lifting, certainly could have aggravated her pre-existing heart condition. Dr. Austin testified that the history given by the plaintiff on her admission to the hospital on January 23, 1982, was consistent with an aggravation of her heart condition brought on by the physical exertions she made on the job. He also stated that lifting a box over her head, in a strained position, could have caused the severe pain which she encountered and that lifting, stretching, bending or stooping would aggravate the chest pain and swelling in her legs when she returned to work in May, 1982. It is well settled, of course, that a disability brought about by the aggravation of a pre-existing defect of an

employee is compensable under the act when the aggravation is brought about by the employee's exertion in performing his or her duties.

Drs. Austin, Mays and Wilson, a treating psychiatrist, all testified that plaintiff was permanently disabled and unable to work at any gainful employment.

■ Finally, the defendant argues that the trial judge erred in failing to decide certain objections which the defendant had made to hypothetical questions posed to physicians in their depositions. The trial judge agreed to make appropriate rulings on the objections by making entries in the margins of the depositions but apparently he made no such entries. It was, of course, the duty of the trial judge to rule upon the objections made and to inform counsel thereof; however, in the circumstances of this case we cannot consider that his failure to do so is cause for reversal. As the defendant has done in its brief, we proceed to consider the objections made, on the mertis, on the assumption that the objections were overruled by the trial judge. *Cf. Bruce v. Beall*, 99 Tenn. 303, 41 S.W. 445 (1897).

■ The defendant complains that the hypothetical questions to which it objected failed to include certain facts that should have been included and assumed some facts that were not established in the evidence and that the questions, in general, were not framed in language suitable to the defendant.

"Of course, it is not proper for a hypothetical question to assume facts that are not supported by evidence at the trial. *Moon v. Johnston*, 47 Tenn.App. 208, 337 S.W.2d 464 (1960).... Counsel must be given some leeway in his choice of words in framing such questions and the matter is primarily one for the exercise of discretion by the trial judge. Moreover, the defendant had the opportunity to restate the hypothetical question on cross examination or frame other questions of his own to point out any deficiencies in the question posed by the plaintiff." *Cor-*

*trim Mfg. Co. v. Smith*, Tenn., 570 S.W.2d 854, 856 (1978).

Pertinent is the following excerpt from the opinion of the Court in *Pentecost v. Anchor Wire Corp.*, Tenn., 662 S.W.2d 327, 328–29 (1983), to wit:

"In determining the propriety of a hypothetical question, the issue should not be resolved by searching an entire record to determine whether every possible fact was listed in the question. Nor should the hypothetical question be tested solely against the evidence presented by the opposing party as appears to be the situation in the instant case. Rather, the issue should be resolved by determining whether the question contained enough facts, supported by evidence, to permit an expert to give a reasonable opinion which is not based on mere speculation or conjecture and which is not misleading to a trier of fact."

Applying the principles of these authorities to the facts in this case we are satisfied that no reversible error was committed, especially since this was a trial without a jury.

■ We have considered the plaintiff's motion for an award of damages on the ground that this is a frivolous appeal but have concluded, in our discretion, that such damages are not warranted in this case.

The decree of the circuit judge is in all things affirmed and costs of appeal are taxed against the appellant and surety.

COOPER, C.J., and FONES, HARBISON, and DROWOTA, JJ., concur.