# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 20, 2013 Session

## LEE STEVENS & DENISE STEVENS, INDIVIDUALLY AND D/B/A TIMBER RIDGE HORSE CAMPGROUND ET AL. v. ROBERT H. LIVINGSTON AND RIDGE TOPPERS TRAIL ASSOCIATION, INC.

**Appeal from the Chancery Court for Fentress County**
**No. 1213      Billy Joe White, Chancellor**

---

**No. M2012-02562-COA-R3-CV - Filed September 19, 2013**

---

Plaintiffs/appellants, who are owners of real property in a residential community that was developed for horse riding enthusiasts, filed this action to enforce restrictive covenants that prohibit the use of motorized vehicles on trails in the residential community. At the hearing on the defendants' motions to dismiss, all of the parties agreed to the entry of an order prohibiting the use of any motorized vehicles on horse trails within four specified sections that contained the restrictive covenants; at the same hearing, the parties also agreed with the trial court's statement that all other claims would be dismissed. A Final Order was entered that was consistent with the parties' agreement. Although the plaintiffs consented in open court to the order that was entered and they did not file a motion to alter or amend that order, plaintiffs now appeal from that order. On appeal, they contend they were deprived of the opportunity to put on evidence at the hearing on the motions to dismiss; they also contend the court erred in dismissing all other claims. Finding the plaintiffs expressly consented in open court to the entry of the order appealed from, that the plaintiffs made no request to introduce evidence, and that they agreed to the dismissal of all other claims, we have determined that the plaintiffs waived all issues raised in this appeal. Therefore, we affirm the trial court. Defendants contend this was a frivolous appeal and have requested damages. Exercising our discretion, we respectfully deny the defendants request for damages.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Lynda W. Simmons, Livingston, Tennessee, for the appellants, Denise Stevens, individually and d/b/a Timber Ridge Horse Campground, Joe Geisler, Diane Geisler John Foy, Mary Foy,

Michael Jackson, Jamie Jackson, Nancy Jastatt, Alan Sanders, Terri Sanders, Carl Juergens, Sandy Macy, Ted Macy, Jerry Cantrell, and Pat Cantrell.

Linda J. Hamilton Mowles and Katrina J. Atchley Arbogast, Knoxville, Tennessee, for the appellee, Ridge Toppers Trail Association, Inc.

Melanie Lane, Jamestown, Tennessee, for the appellee, Robert H. Livingston.

## MEMORANDUM OPINION[1]

The appellants, Denise Stevens, individually and d/b/a Timber Ridge Horse Campground, Michael and Jamie Jackson, Carl Juergens, Nancy Jastatt, and Jerry and Pat Cantrell (hereinafter "Plaintiffs"), are owners of real property in Ridge Top Acres, a residential community for horse enthusiasts in Fentress County, Tennessee.[2] Plaintiffs acquired their respective lots from Robert Livingston, the developer of Ridge Top Acres. Each of the warranty deeds conveyed to Plaintiffs by Livingston contained restrictive covenants that prohibited the use of any motorized vehicles on the horse trails. However, most of the phases in Ridge Top Acres contained a provision that the restrictive covenants could be amended upon approval of two-thirds of the property owners.[3]

Plaintiffs filed their complaint on March 16, 2012, in which they sought injunctive relief from the actions of members of the Ridge Toppers Trail Association ("Ridge Toppers"). Plaintiffs alleged that members of Ridge Toppers were riding all-terrain vehicles and other motorized vehicles on the horse trails in Ridge Top Acres in violation of the restrictive covenants. Specifically, Plaintiffs sought an order restraining and enjoining Ridge Toppers and its members from using or allowing the use of motorized vehicles on the horse trails; restraining and enjoining Ridge Toppers and its members from harassing, disturbing, or taking action that prevented Lee Stevens, Denise Stevens, or Timber Ridge Horse

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]The lead plaintiff, Lee Stevens, is not a party to this appeal.

[3]The covenants could not be amended until five years after the first parcel in the respective phase was purchased and the deed was recorded.

Campground from conducting their business or annoying or harassing customers from using the horse trails; and restraining and enjoining Robert Livingston from taking any further action that would prevent free access and use of the horse trails in the development. The complaint further stated that Robert Livingston was failing to enforce the restrictive covenants contained in the deeds that prohibited the use of the motorized vehicles on the horse trails, and if his actions were not enjoined, Plaintiffs sought either rescission of their deeds or damages for the diminution in value to their property based upon the violations to the restrictive covenants.

Mr. Livingston filed a Motion to Dismiss alleging Plaintiffs failed to state a claim upon which relief could be granted and specifically failed to allege their standing to sue. Ridge Toppers also filed a motion to dismiss on the same grounds. Plaintiffs filed a response. A hearing on the injunctive relief and the motions to dismiss occurred on September 17, 2012. The trial court entered a Final Order on October 31, 2012, which was based upon an agreement of the parties announced in open court at the hearing, ordering the parties to strictly adhere to the Restrictive Covenants with regard to the prohibition of motorized vehicles as applicable to Phase 1, 8a, and 11 of Ridge Top Acres, unless and until such time as they are amended as provided within paragraph 11 of the covenants. In addition to the three phases identified above, the order stated that "the parties upon agreement and in the absence of Covenants for the undeveloped Phase 12 of Ridge Top Acres Subdivision, will refrain from using motorized vehicles on trails in that area until such time as the Developer may enact restrictions and/covenants specifically addressing the same." The remaining claims were dismissed. Plaintiffs filed a timely appeal.

### ANALYSIS

On appeal, Plaintiffs[4] argue the trial court erred in its decision when the court based the decision on the representations of Defendants' counsel without sworn testimony and the trial court erred in its decision by failing to make findings of fact and conclusions of law pursuant to Tennessee Rules of Civil Procedure 52.01 and 65.04. Defendants counter by stating that Plaintiffs obtained the relief they requested; thus, the order from which they appeal does not constitute an adverse ruling. Defendants also note that Plaintiffs expressly agreed in open court to the action taken by the trial court, which is memorialized in the Final Order and that Plaintiffs have waived any additional issues by their consent to dismissing the remaining claims. Further, Defendants seek to recover their attorneys' fees incurred on appeal.

---

[4]The notice of appeal indicated that plaintiff Lee Stevens was an appellant; however, upon the request of Lee Stevens, he was voluntarily dismissed as an appellant by order of this court.

Notwithstanding the unusual circumstance that Plaintiffs appeal from an order they expressly agreed to in open court, Plaintiffs contend the court erred in dismissing other claims they insist on appeal they asserted in the complaint. Accordingly, it is important that we examine the relief sought by Plaintiffs in the complaint and what occurred at the hearing before the trial court on September 17, 2012. The relief sought in the complaint reads in its entirety as follows:

WHEREFORE PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. That they be allowed to file this Petition and that same be served upon the Defendant requiring their answer thereto but not under oath that expressly waived.

2. That a restraining order issue restraining and enjoining the Defendants from using or allowing use of any motorized vehicles on the horse trails.

3. That a restraining Order issue restraining and enjoining the Defendant Ridge Toppers Trail Association Inc./their members from harassing, disturbing, or taking any action themselves or having someone else take action which prevents the Plaintiffs Lee and Denise Stevens individually and d/b/a Timber Ridge Horse Campground from conducting their business or which is designed to annoy or harass their customers/patrons in their use of the horse trails or any other facilities open to the owners of Ridge Top Acres.

4. That the Defendant, ROBERT LIVINGSTON, be restrained and enjoined from taking any further action which would prevent free access and use of the horse trails in this development.

5. In the alternative, should the Defendant, ROBERT LIVINGSTON, be allowed to restrict access to these trails or should he allow others to allow access to these trails that Plaintiffs be allowed to resend their deeds and that they be restored their position prior to the purchase of each of their properties including the return of their purchase price and any monies that they have expended for the improvements of their property.

6. In the alternative that the Plaintiffs be awarded a demuation [sic] of value in their property as a result of their property no longer having free access to the horse trails in this development.

7. For such other further and general relief to which the Plaintiffs may show themselves entitled to a hearing upon this cause.

THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF SOUGHT IN THIS CAUSE.

To briefly summarize the four types of relief Plaintiffs sought – three of which are for injunctive relief and the fourth is for either rescission or damages, they sought:

1. To enjoin Defendants from using or allowing use of any motorized vehicles on the horse trails.

2. To enjoin Ridge Toppers and its members from harassing or taking any action that prevented the Stevens and Timber Ridge Horse Campground from conducting their business or impeding their customers.

3. To enjoin Mr. Livingston from taking any further action which would prevent free access and use of the horse trails.

4. In the event Livingston was allowed to restrict Plaintiffs' access to these trails or should he allow others to allow access to these trails, that Plaintiffs be allowed to resend their deeds or, in the alternative, that Plaintiffs be awarded the diminished value of their properties.

During the September 17, 2012 hearing on Defendants' motions to dismiss, counsel for Plaintiffs repeatedly stated that all her clients wanted was to prohibit the use of motorized vehicles on the horse trails. Defendants' counsel responded stating that their clients would agree to an order restricting motorized vehicles from the trails in Phases 1, 8a, 11, and 12, where the restrictive covenants were still in effect; however, Defendants also stated that the covenants had been amended in all other phases to permit motorized vehicles on the horse trails. Plaintiffs' counsel responded stating she agreed that no relief was available to her clients for those trails, assuming the amendments were valid. Moreover, Plaintiffs' counsel further stated that whether the amendments were valid and properly recorded would be the subject of "a separate type of lawsuit by some of these homeowners," a statement she repeated several times during the September 17, 2012 hearing.

Based upon the above colloquy, the issues were narrowed to the relief Plaintiffs' sought for the four phases of Ridge Top Acres where no amendments to the restrictive covenants had occurred and the hearing concluded with the trial court stating in the presence of counsel for all parties: "All right. We have agreed on an order in those four sections, no motorized vehicles. All other claims are dismissed." No one objected to the trial court's statement and the hearing was adjourned. The Final Order, which was fully consistent with the announced agreement, was entered on October 31, 2012, and Plaintiffs did not file a motion to alter or amend the Final Order.

The foregoing notwithstanding, Plaintiffs contend on appeal that the trial court's order was in error because the trial court failed to hear evidence regarding which phases of the development had amended their restrictive covenants. The record, however, clearly indicates that Plaintiffs never made a request to present evidence regarding the amendments, nor did they seek to challenge whether the amendments were validly adopted. To the contrary, counsel for Plaintiffs expressly stated to the court that those issues would be the subject of a separate action.[5]

Our courts have consistently held that issues not raised before the trial court are waived and will not be entertained on appeal. *Lawrence v. Stanford*, 655 S.W.2d 927, 928 (Tenn. 1983). Thus, Plaintiffs' waived their contentions that the trial court should have heard evidence regarding whether amendments were made to the restrictive covenants in some of the phases and whether they were validly amended.

Plaintiffs also contend the trial court erred by omitting any reference to Phase 3 of Ridge Top Acres, which Plaintiffs contend is the location of the nine horse trails that were conveyed to Defendant Ridge Toppers.[6] During oral arguments, Plaintiffs appeared to raise the issue of whether the deeds to Ridge Toppers, which contained no provision for the amendment of the restrictive covenants, or the deeds to the properties located within the phases were controlling. As with Plaintiffs' other argument, this issue was not raised before the trial court, and thus such an issue is waived. *Id*.

Defendants contend this is a frivolous appeal and seek to recover their attorneys' fees incurred on appeal. An award of attorney's fees on appeal is within the discretion of this court. *See Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985). Exercising our discretion, we respectfully deny Defendants' request for attorneys' fees.

---

[5]In oral arguments, the parties acknowledged that a separate action had been filed by some of the Plaintiffs to challenge the validity of amendments to the restrictive covenants in phases other than 1, 8a, 11 and 12.

[6]Plaintiffs erroneously stated in their brief that the nine horse trails Livingston conveyed to the Ridge Toppers were located in Phase 3; review of the record reveals that the nine horse trails conveyed to the Ridge Toppers are located in Phase 5, 6, and 8.

## In Conclusion

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellants and their sureties.


_____
FRANK G. CLEMENT, JR., JUDGE