IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 09, 2015 Session

## OPEN LAKE SPORTING CLUB v. LAUDERDALE HAYWOOD ANGLING CLUB

Appeal from the Chancery Court for Lauderdale County
No. 7191RD    William C. Cole, Chancellor

_____

No. W2014-01574-COA-R3-CV – Filed August 18, 2015
_____

This is an appeal from proceedings on remand from a prior appeal concerning a long-standing boundary dispute between two hunting clubs in West Tennessee. Previously, in an attempt to resolve their dispute, the clubs agreed to be bound by the findings of a third-party surveyor. After the agreed-upon surveyor filed his survey, however, one of the clubs moved to set the survey aside, arguing that the surveyor had not made an independent determination. The trial court declined to hold a hearing on the motion, and the case was subsequently appealed to this Court. On appeal, we concluded that the case should be remanded to the trial court for a hearing on the motion to set the survey aside. Specifically, we directed the trial court to consider whether the surveyor made an independent determination of the disputed boundary line. Following a hearing on remand, the trial court held that the findings of the third-party surveyor were the product of an independent determination. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

William C. Sessions, III, Memphis, Tennessee, for the appellant, Lauderdale Haywood Angling Club.

Clinton H. Scott, Jackson, Tennessee, and J. Brandon McWherter, Franklin, Tennessee, for the appellee, Open Lake Sporting Club.

# OPINION

## Background and Procedural History

This appeal follows an evidentiary hearing conducted in the Lauderdale County Chancery Court upon remand from this Court's prior opinion in *Open Lake Sporting Club v. Lauderdale Haywood Angling Club*, No. W2009-02269-COA-R3-CV, 2011 WL 198624 (Tenn. Ct. App. Jan. 13, 2011) ("*Open Lake I*"). Because the background facts of this matter are adequately set forth in our prior opinion, we restate them only briefly here. In 1988, Open Lake Sporting Club ("Open Lake Club") filed suit in chancery court against Lauderdale Haywood Angling Club ("LHAC") concerning rights of access to the body of water known as Open Lake. *Open Lake I*, 2011 WL 198624, at *1. In alleging that it was the owner of Open Lake, Open Lake Club sought injunctive relief prohibiting the members of LHAC from using the lake. *Id.* Although LHAC filed an answer opposing Open Lake Club's request for injunctive relief, it also filed a counterclaim and asserted that a "dispute had arisen as to the location of the common boundary line between its property and the property owned by Open Lake Club." *Id.* at *2. Following a trial, the chancery court ruled that LHAC was not entitled to use the lake except as permitted by Open Lake Club, but it deferred ruling on the boundary line issue. *Id.* at *2-3.

Following the chancery court's decision to defer ruling on the boundary line dispute between the clubs, the parties entered into a written settlement agreement. In pertinent part, the settlement provided that the clubs agreed to be bound by the findings of a third-party surveyor selected by the trial court. *Id.* at *3. The parties' agreement was made part of a final decree entered by the chancery court in November 1992. *Id.*

Although the chancery court's final decree appointed a surveyor from Bolivar, Tennessee, to determine the boundary lines between the parties, this surveyor never agreed to accept the appointment, and the issue remained unresolved for a number of years. *Id.* In the interim, Open Lake Club hired its own surveyor to survey the property. This survey was conducted in 2003. Eventually, another surveyor, Joey Wilson ("Mr. Wilson"), was agreed upon by the parties to complete the survey contemplated by the parties' settlement agreement. Mr. Wilson's survey was filed with the chancery court on August 16, 2006. *Id.* Although LHAC moved to set Mr. Wilson's survey aside on the basis that he had simply adopted the opinions of the surveyor previously hired by Open Lake Club, the chancery court never held a hearing to determine whether or not the survey performed by Mr. Wilson was an independent undertaking. Instead, the chancery court entered an order adopting Mr. Wilson's findings as the final determination of the disputed boundary. *Id.* at *4-7. When the matter was appealed, we reversed the decision of the chancery court and stated that the parties should have an opportunity to present proof regarding the validity of the survey conducted by Mr. Wilson. Specifically, we

held as follows: "[W]e remand this case for the trial court to hold a hearing on the motion to set aside the survey in order to determine whether Mr. Wilson complied with the court's order by conducting a new survey and making an independent determination of the disputed boundary line." *Id.* at *7.

On April 22, 2014, the chancery court held an evidentiary hearing in accordance with our remand instructions. Both clubs put on proof concerning the sufficiency of Mr. Wilson's efforts in completing his survey of the parties' lands, and at the conclusion of the proof, the chancery court issued an oral ruling finding that Mr. Wilson's survey was independent. This ruling was later incorporated by reference into a written order entered by the chancery court on July 15, 2014. In light of its determination that Mr. Wilson conducted an independent survey, the chancery court adopted his survey "as establishing the legal, true, and correct boundary lines between the parties." This appeal subsequently ensued.

## Issues Presented

On appeal, LHAC raises one issue for review, stated as follows:

1. The trial court erred in ruling that Wilson & Associates conducted a new survey and made an independent determination of the disputed boundary line.

Although Open Lake Club argues that the trial court's ruling on remand should be affirmed, it raises the following as an additional issue for our consideration:

1. Is Open Lake Sporting Club entitled to attorney's fees and expenses pursuant to Tenn. Code Ann. § 27-1-122?

## Standard of Review

Because the trial court tried this case sitting without a jury, we conduct a *de novo* review of its decision based upon the record, "with a presumption of correctness as to the trial court's findings of fact, unless the evidence preponderates against those findings." *Nw. Tennessee Motorsports Park, LLC v. Tennessee Asphalt Co.*, 410 S.W.3d 810, 816 (Tenn. Ct. App. 2011) (citation omitted); Tenn. R. App. P. 13(d). "For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect." *Nw. Tennessee Motorsports Park, LLC*, 410 S.W.3d at 816 (citations omitted). Findings of fact that are based on witness credibility "are given great weight, and they will not be overturned absent clear and convincing evidence to the contrary." *Williams v. Singler*, No. W2012-01253-COA-R3-JV, 2013 WL 3927934, at *8 (Tenn. Ct. App. July 31, 2013) (citation omitted). We review a trial court's

conclusions on questions of law *de novo*, but no presumption of correctness attaches to the trial court's legal conclusions. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

**Discussion**

In *Open Lake I*, we remanded this case for the trial court to determine whether Mr. Wilson conducted a new survey and made an independent determination of the disputed boundary line. Although the chancery court answered this question in the affirmative based on the proof presented before it, LHAC contends that Mr. Wilson's survey did not make an independent determination of the parties' boundaries. In particular, LHAC alleges that Mr. Wilson simply duplicated the work of another surveyor, K.M. Billingsley ("Mr. Billingsley"), who had previously been hired by Open Lake Club to perform a survey for it. We must reject LHAC's assertion of error on this issue.

Although one of LHAC's witnesses, licensed surveyor Brantley Morris, opined that Mr. Wilson had simply copied a previous report made by Mr. Billingsley, significant proof to the contrary was presented before the chancery court at the April 22, 2014, hearing. In addition to hearing testimony from retired land surveyor James Thorp ("Mr. Thorp"), the trial court heard testimony from Mr. Wilson. Mr. Thorp testified that he had been contacted by Mr. Wilson to assist Mr. Wilson's field crew in constructing a boundary survey of the parties' lands. In part, his testimony described the specific efforts Mr. Wilson's field crew had undertaken to survey the boundaries between Open Lake Club and LHAC. When asked whether Mr. Wilson had merely copied Mr. Billingsley's findings, Mr. Thorp denied it. He stated, "Well, we're not going to take Max Billingsley's survey and just copy a survey. We're going to come up with what we discover in the field and we're going to test it against other surveys to see what differences we have, you know." Mr. Wilson also testified to the independent nature of his work. When asked if he had actually performed a survey, Mr. Wilson responded as follows: "Yes, sir. We were on the ground, crews surveyed everything that we could find that was relevant to the deeds and chain of title." Mr. Wilson also explained that although both parties had been permitted to provide information concerning the boundary dispute, the only information his firm had received was Mr. Billingsley's data.[1]

In the chancery court's oral ruling, which was later incorporated into its July 15, 2014, order, the chancellor outlined the evidence that had been offered in response to our remand instructions in *Open Lake I*:

> So I have compelling testimony from Mr. Morris that Mr. Wilson didn't do anything, merely took the information from Mr. Billingsley and adopted it

---

[1] Mr. Billingsley's survey was provided to Mr. Wilson by counsel for Open Lake Club. We note that the trial court's November 1992 final decree specifically stated as follows concerning the appointment of a third-party surveyor: "The surveyor shall have access to . . . any and all information regarding the boundary line dispute which the parties' attorneys may wish to provide."

as his own. I guess performed surveyor plagiarism. I have the testimony of Mr. Thorp who says he was out there for two days running across all the ground with the survey crew from Wilson and Associates. I have the field notes which are 18 --Trial Exhibit 10 which are 18 pages of field notes where apparently courses and distances were shot. And I have the testimony of Mr. Wilson who says that he didn't go out there. He has, I think he said, 9 or 12 field crews and that he sent his crew out and they did the work. He reviewed the work, reviewed the field notes, and prepared the survey. And since he had Mr. Billingsley's information and his was substantially the same, that he adopted Mr. Billingsley -- Mr. Billingsley's survey. He says there was a change across the north line. I'm not sure I understood what that was, and maybe the east line was a little bit different. So the question I have is not really related to whether or not Mr. Wilson's survey is accurate. I don't think that's my charge. The question is whether he did an independent survey. And I'll have to admit when I was listening to Mr. Morris, and we see that the surveys appear to be virtually identical, I was questioning whether Mr. Wilson ever did anything; **but the proof is really unrebutted that he sent crews out there and they did a substantial amount of work and that in his professional judgment it was sufficient to adopt the Billingsley survey as accurate based upon his work. And frankly, I think that complies with the final decree dated November the 11th of 1992 and the mandate from the Court of Appeals. I'm not making a finding that his survey is accurate. I'm making a finding that it was independent, which is what I was charged to do**.

(Emphasis added). Having reviewed the record transmitted to us on appeal, we conclude that the evidence presented at the April 22, 2014, hearing does not preponderate against the trial court's finding that Mr. Wilson performed an independent survey. The chancery court clearly accredited the testimony of Mr. Wilson and Mr. Thorp, and their testimony establishes that Mr. Wilson's work was independent in nature. As the chancery court acknowledged, this Court remanded the case for a hearing concerning whether Mr. Wilson made an independent determination. We did not remand for a hearing on whether the survey he conducted was accurate, and the chancery court correctly did not inquire into that question.

Lastly, we address Open Lake Club's contention that it is entitled to damages pursuant to Tennessee Code Annotated § 27-1-122. Pursuant to that statute, damages may be recovered on the following terms:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the

appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2000). Determining whether to award damages pursuant to Tennessee Code Annotated § 27-1-122 "is a discretionary decision." *Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003) (citing *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985)). In its brief, Open Lake Club argues that it is entitled to recover attorney's fees and expenses on the basis that LHAC's appeal is frivolous. A frivolous appeal is one that is "devoid of merit" or "has no reasonable chance of succeeding." *Id.* at 67 (citations omitted). Exercising our discretion in this case, we decline to award Open Lake Club any damages pursuant to Tennessee Code Annotated § 27-1-122.

## Conclusion

Although we affirm the trial court's finding that Mr. Wilson performed an independent survey when determining the disputed boundary line between the parties, we decline to award any damages pursuant to Tennessee Code Annotated § 27-1-122. Costs of this appeal are assessed against the Appellant, Lauderdale Haywood Angling Club, and its surety, for which execution may issue if necessary. We remand this case to the trial court for the collection of costs, enforcement of the judgment, and for further proceedings as may be necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE