IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 1, 2020

## JACE PENNINGTON v. KAWANI J. WHITE

**Appeal from the Circuit Court for Knox County**
**No. 144554     Gregory S. McMillan, Judge**

_____

### No. E2019-02005-COA-R3-CV

_____

This appeal arises from a judgment finding the defendant violated a protective order and a subsequent judgment extending the protective order for one year. Specifically, the defendant seeks to set aside these judgments based on inadequate notice. Although the defendant appeared in court for a related hearing and admits that all notices were sent to her at the proper address, she contends on appeal that, because she was a frequent traveler, she was unaware of the two hearings at issue in this appeal until after they occurred. We have determined the defendant waived the notice issue by failing to bring it to the attention of the trial court and by failing to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals. Accordingly, we affirm the judgment of the trial court. Additionally, we have determined the appeal was frivolous; therefore, the plaintiff is entitled to recover the reasonable and necessary expenses and attorney's fees incurred in this appeal in accordance with Tenn. Code Ann. § 27-1-122. Accordingly, we remand for the trial court to make the appropriate award.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN and JOHN W. MCCLARTY, JJ., joined.

Kawani J. White, Denver, Colorado, Pro se.

Jedidiah C. McKeehan and John D. Haines, Knoxville, Tennessee, for the appellee, Jace Pennington.

**MEMORANDUM OPINION**[1]

On October 29, 2018, Jace Pennington ("Plaintiff") filed a petition for an order of protection against Kawani J. White ("Defendant") in the Knox County Circuit Court alleging that Defendant repeatedly harassed him after he ended their romantic relationship. The court initially denied Plaintiff's request for a temporary order of protection and set the matter for an evidentiary hearing. Following a hearing on November 29, 2018, which Defendant did not attend, the court issued an order of protection against Defendant effective through January 10, 2019. Following a hearing on January 10, 2019, where both parties were present, the court extended the order of protection to July 9, 2019.[2]

On February 20, 2019, Plaintiff filed a Motion for an Order to Show Cause and/or Writ of Attachment. Plaintiff alleged that Defendant violated the order of protection by referring to Plaintiff as a "sexual deviant and predator" on Facebook. Plaintiff included a certificate of service certifying that a copy of the motion was mailed to Defendant on February 20, 2019, at her home address in Colorado, which was the same address Plaintiff used for all prior notices.

On March 6, 2019, Plaintiff filed a Notice of Hearing informing Defendant of the hearing scheduled for April 4, 2019, on his Motion for an Order to Show Cause and/or Writ of Attachment. Plaintiff included a certificate of service certifying that Plaintiff mailed a copy of the Notice of Hearing to Defendant on March 5, 2019, to her Colorado address.

Although Defendant failed to appear at the hearing on April 4, 2019, after hearing from Plaintiff, the court found that Defendant violated the protective order. The court entered an order of attachment, set Defendant's bond at $500, and scheduled a hearing for October 3, 2019; however, the hearing did not occur because Defendant was not served with the writ of attachment.

In the interim, on July 10, 2019, Plaintiff filed a Motion for Extension of Order of Protection requesting that the order of protection against Defendant "be extended permanently." The motion included a certificate of service certifying that Plaintiff mailed

---

[1] Tenn. Ct. App. R. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Throughout the trial court proceedings and on appeal, Plaintiff was represented by counsel, and Defendant proceeded pro se.

the motion to Defendant on July 3, 2019, at Defendant's Colorado address. On September 18, 2019, the court clerk mailed notice of the hearing scheduled for October 10, 2019, to both parties.

As had occurred in all but one of the prior hearings, Defendant failed to appear at the hearing on October 10; nevertheless, the hearing proceeded, and Plaintiff presented his proof. Following the hearing, the court found that Defendant continued to stalk Plaintiff through repeated contact after July 2019, granted judgment in favor of Plaintiff, and extended the order of protection to October 10, 2020.

This appeal followed.

### ANALYSIS

### I.

The sole issue on appeal is whether Defendant received sufficient notice of the hearings.[3] Specifically, Defendant admits she received notice of the hearings held on April 4, 2019, and October 10, 2019, but contends it was not until after the hearings took place. She acknowledges that the notices were mailed to the correct address on file with the court. But she contends she was not aware of the notices until after the hearings occurred because she was travelling extensively at the time. Consequently, Defendant argues that notice was inadequate and asks this court to set aside the trial court's April 2019 order finding she violated the protective order and the October 2019 order extending the protective order for one year.

Plaintiff contends Defendant waived the notice issue because she did not raise it in the trial court, and, even so, the issue was meritless. Plaintiff also contends Defendant waived this issue on appeal because her brief does not comply with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals. Plaintiff also argues that, because the appeal had no reasonable chance of success, he is entitled to his attorney's fees in accordance with Tenn. Code Ann. § 27-1-122.

We have determined that Defendant waived the notice issue in both ways identified by Plaintiff. First, the record reveals that Defendant failed to raise the notice issue in the trial court. Specifically, we find nothing in the appellate record showing Defendant filed a motion or otherwise gave the trial court an opportunity to address the alleged deficiency in the hearing notices. Although Defendant states in her brief that she had numerous phone conversations with the court clerk regarding the issue of inadequate notice, mere discussions with a clerk are not a proper means of raising an issue with the trial court in

---

[3] She does not challenge the sufficiency of service of process at the commencement of this action.

order to give the court an opportunity to address and/or correct the alleged error. "It is axiomatic that parties will not be permitted to raise issues on appeal that they did not first raise in the trial court." *Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 511 (Tenn. 2010). "Issues that are not raised in the trial court may also be deemed waived." *Watson v. Watson*, 309 S.W.3d 483, 497 (Tenn. Ct. App. 2009). We are not required to grant relief to a party "who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn. R. App. P. 36(a). Therefore, we find Defendant has waived the issue by failing to raise it in the trial court.

As for the deficiencies in her brief, Tenn. R. App. P. 27 provides that the appellant's brief shall contain "[a] statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record." Tenn. R. App. P. 27(6). Likewise, Rule 6 of the Rules of the Court of Appeals requires the appellant to provide "[a] statement of each determinative fact relied upon with citation to the record where evidence of such fact may be found." A party's failure to comply with these rules "waives the issues for review." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). Defendant's brief fails to comply with these rules by, *inter alia*, making numerous factual assertions without citation to the record. Therefore, this failure also constitutes a waiver of the issue.

## II.

Plaintiff contends he is entitled to his costs and attorney's fees incurred in defending this appeal pursuant to Tenn. Code Ann. § 27-1-122.

"Parties should not be forced to bear the cost and vexation of baseless appeals." *Young v. Barrow*, 130 S.W.3d 59, 66 (Tenn. Ct. App. 2003) (citations omitted). As such, "the Tennessee General Assembly enacted Tenn. Code Ann. § 27–1–122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay." *Id*. The decision to award these damages is a discretionary decision. *Id.* at 66–67 (citing *Banks v. St. Francis Hosp.,* 697 S.W.2d 340, 343 (Tenn. 1985)).

Tenn. Code Ann. § 27-1-122 provides:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

"A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy,* 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding." *Young*, 130 S.W.3d at 67 (citing *Davis v. Gulf Ins. Grp.,* 546 S.W.2d 583, 586 (Tenn.

1977); *Jackson v. Aldridge,* 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999); *Industrial Dev. Bd. v. Hancock,* 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). We have determined that this appeal is devoid of merit and had no reasonable chance of succeeding. Therefore, exercising our discretion, Plaintiff is entitled to recover the reasonable and necessary costs he incurred on appeal, the amount of which the trial court shall determine upon remand.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Kawani J. White.

_____
FRANK G. CLEMENT JR., P.J., M.S.