IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 17, 2021 Session

## BRENDA NALDRETT JOHNSON v. GARY LEE JOHNSON

**Appeal from the Chancery Court for Johnson County**
No. 7503     John C. Rambo, Chancellor

_____

### No. E2020-00875-COA-R3-CV

_____

This case involves an intra-family dispute over a parcel of real property. Because of the profound deficiencies with Appellant's brief, we decline to reach the merits of this appeal and instead find that Appellant has waived his argument. Thus, we affirm the judgment of the trial court and award Appellee damages, including attorney's fees incurred on appeal, pursuant to Tennessee Code Annotated section 27-1-122.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Perry L. Stout, Mountain City, Tennessee, for the appellant, Gary Lee Johnson.

George T. Wright, Mountain City, Tennessee, for the appellee, Brenda Naldrett Johnson.

## MEMORANDUM OPINION[1]

### BACKGROUND AND PROCEDURAL HISTORY

The facts set forth below are taken from the trial court's findings of fact and

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

conclusions of law found in the final judgment.[2] The contention in this matter revolves around the disposition of a parcel of real property previously owned by Erby L. Johnson, who died in March of 2017. Brenda Naldrett Johnson ("Appellee") is Mr. Johnson's widow. Gary Lee Johnson ("Appellant") is the son of Mr. Johnson. Prior to his death, Mr. Johnson executed and prepared a durable general and healthcare power of attorney, appointing Appellant and reappointing his grandsons as his attorneys-in-fact for purposes of healthcare, business decisions, transactions, and other matters. Prior to Mr. Johnson's death, Appellant executed a deed from Mr. Johnson, signing by himself as Mr. Johnson's attorney-in-fact and conveying the real property at issue to himself. Appellee ultimately filed a complaint to set aside the deed. As part of her complaint, Appellee contended that the conveyance was fraudulent on its face due to the fiduciary relationship existing between Appellant and Mr. Johnson. In turn, Appellant argued that, based on a marital dissolution agreement incorporated into a prior legal separation order between Appellee and Mr. Johnson, Appellee had waived and released her right to inherit an intestate share from Mr. Johnson. Specifically, Appellant contended that, because of the marital dissolution agreement, Appellee did not even have standing to bring her lawsuit.[3] Ultimately, the trial court found that Appellant failed to carry his burden of proof by clear and convincing evidence to rebut the presumption of undue influence regarding the conveyance. As a result, the trial court awarded Appellant and Appellee a one-half interest each in the real property as tenants in common.

## ISSUES PRESENTED

As will be discussed in more detail, *infra*, Appellant does not expressly present any issues for review in his brief. For her part, Appellee does not raise any independent issues seeking relief from the trial court's judgment. She does, however, raise the issue of whether the appeal in this case was frivolous or taken solely for delay such that she is entitled to damages pursuant to Tennessee Code Annotated section 27-1-122.

## DISCUSSION

### *Appellant's Noncompliance with the Tennessee Rules of Appellate Procedure*

At the outset, we find it necessary to address Appellant's brief, specifically his noncompliance with Rule 27(a) of the Tennessee Rules of Appellate Procedure. As will be

---

[2] Although the record indicates that Appellant submitted a statement of the evidence and an amended statement of the evidence, the trial court filed an order regarding approval of record on appeal, declining to approve Appellant's submissions, finding that they did not "convey a fair, accurate, and complete account of what happened during the trial." According to the trial court, the "independent recollection of the testimony of the parties and witnesses is limited to the portion of the [trial court's] factual findings that were placed in [its] Final Judgment and Order of the Court."

[3] The trial court addressed Appellant's argument that Appellee had no standing in a separate order denying his motion to dismiss wherein he argued the same.

detailed below, we find that Appellant's brief is noncompliant with Rule 27(a) in such a degree as to warrant waiver of his appeal.

Rule 27(a) of the Tennessee Rules of Appellate Procedure sets forth various requirements appellants are to follow regarding the content of their briefs. Specifically, Rule 27(a) provides that an appellant's brief shall include the following:

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for appeal to the Supreme Court;
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). This Court retains the discretion whether to suspend or relax the requirements set forth in the Tennessee Rules of Appellate Procedure. *Paehler v. Union Planters Nat'l. Bank*, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997). However, based on the brief presented, we do not find that the present case merits suspension of these rules.

Upon reviewing Appellant's brief, we find that it is woefully deficient in meeting several enumerated requirements set forth in Rule 27(a). Specifically, in addition to lacking a statement of issues presented for review, we also note that Appellant failed to include a table of contents as required by Rule 27(a)(1), a table of authorities as required by Rule 27(a)(2), and a standard of review section as required by Rule 27(a)(7)(B). Furthermore, the brief also lacks any citation to the record as required under Rule 27(a).

It is not the role of this Court to "research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility*, 301 S.W.3d 603, 615 (Tenn. 2010). Rather it is an appellant's responsibility to ensure compliance with Rule 27(a). As such, where a party fails to specifically present an issue for appeal, we may deem the issue to be waived. *See Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) (stating that "[c]ourts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4). An issue not included is not properly before the Court of Appeals."). Here, nowhere in Appellant's brief is there a section specifically setting forth what issue Appellant is bringing for our review on appeal as required by Rule 27(a)(4). Furthermore, as noted above, Appellant's argument is lacking entirely in citations to the record and includes no standard of review, both of which are required by Rule 27(a)(7). For our purposes, "[w]e will not undertake to search the record and then revise [Appellant's] brief in its entirety so as to create issues of claimed errors by the Trial Court when [Appellant] raises no such specific claimed errors because to do so would have this Court serve as [Appellant's] attorney." *Heflin v. Iberiabank Corp.*, 571 S.W.3d 727, 734 (Tenn. Ct. App. 2018) (quoting *Murray v. Miracle*, 457 S.W.3d 399, 404 (Tenn. Ct. App. 2014)). As such, we decline to address Appellant's arguments on the merits as the brief fails to provide adequate information such that we can make an informed ruling on the matter.

Thus, based on Appellant's failure to include a specific issue presented for our review, as well as an argument severely lacking in both citation to the record and a standard of review, we find that Appellant's argument is waived on appeal based on his noncompliance with Rule 27(a) of the Tennessee Rules of Appellate Procedure.

### *Whether this Appeal is Frivolous Within the Meaning of Tenn. Code Ann. § 27-1-122*

In response to Appellant's brief, Appellee argues that Appellant's appeal is frivolous and that she is thus entitled to damages pursuant to Tennessee Code Annotated section 27-1-122. We agree.

Tennessee Code Annotated section 27-1-122 states as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. For purposes of awarding damages against an appellant, a frivolous appeal is one that is "so devoid of merit that it has no reasonable chance of succeeding." *Glanton v. Lord*, 183 S.W.3d 391, 401 (Tenn. Ct. App. 2005) (citing

*Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978)). This Court retains discretion in determining whether to award these damages. *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985).

Based on our findings regarding Appellant's brief, we conclude the appeal in this case to be frivolous. As explained above, Appellant's brief woefully fails to comply with both the spirit and letter of Rule 27(a) of the Tennessee Rules of Appellate Procedure. Furthermore, in reviewing Appellant's argument, though concise, he asserts no citations to the record, nor does he present sufficient applicable law to support his position. Because Appellant's briefing deficiencies left this appeal with no reasonable chance of succeeding, we conclude that Appellee is entitled to damages, including attorney's fees incurred on appeal, pursuant to Tennessee Code Annotated section 27-1-122.

## CONCLUSION

Based on the foregoing, we find Appellant's argument on appeal waived and affirm the trial court's ruling. This matter is remanded to the trial court for a determination of Appellee's damages, including attorney's fees incurred on appeal, pursuant to Tennessee Code Annotated section 27-1-122.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE