IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 21, 2021 Session

**ALEXIS STUMP v. SHIRLEY STINSON**

**Appeal from the Juvenile Court for Jefferson County
No. 19-00493        Brad Lewis Davidson, Judge[1]**

_____

**No. E2020-01139-COA-R3-JV**

_____

This action was initiated by the mother's filing of a petition for the return of custody of her minor child. The trial court granted the petition. The maternal grandmother moved to set aside the judgment. The court denied the motion by order and later entered an amended order, correcting errors. The mother appeals the final order. We dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II and KRISTI M. DAVIS, JJ., joined.

Cameron Beier, Morristown, Tennessee, for the appellant, Alexis Stump.

Jason S. Randolph, Dandridge, Tennessee, for the appellee, Shirley Stinson.

**MEMORANDUM OPINION[2]**

The Child at issue was born to Alexis Stump ("Mother") in July 2015. Approximately two years later, Mother voluntarily transferred custody of the Child to her mother, Shirley Stinson ("Grandmother"), in an attempt to give herself time to gain control of a drug addiction. Their agreement was memorialized by trial court order, entered on

---

[1]    Sitting by interchange.

[2]    Rule 10 of the Rules of the Court of Appeals provides:
        "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

June 7, 2017. Mother then moved to West Virginia but still managed to maintain the parent-child relationship through regular visitation and telephone contact.

On August 9, 2019, Mother, acting pro se, petitioned the Juvenile Court for Jefferson County for the return of custody. Following a hearing, the juvenile court returned custody of the Child to Mother by order, entered on October 17, 2019, and relinquished jurisdiction over the Child. The juvenile court held as follows:

> The agreement in this case was temporary, and secured by the promise of [Grandmother] to return the Child once Mother recovered. Mother saw she was not fit to exercise day-to-day custody at the time of the transfer, and trusted [Grandmother] to honor her promise. Grandmother failed to honor her promise, and now holds the [C]hild as a pawn, testifying that she will give Mother much more visitation if Mother would come back to Tennessee and live next to her. This was not the agreement [Mother] understood, and Mother had no knowledge or understanding of the consequences of the transfer, and as such retains superior parental rights. Furthermore, Mother, as mentioned above, has become a sober, solid, productive member of our society, successfully raising another child of her own. Because superior parental rights are retained by [Mother], and no risk of harm of any type was proven, Mother should receive the Child immediately, and Grandmother is hereby ordered to return the Child to [Mother] without delay.

Grandmother appealed to the Jefferson County Circuit Court. During the pendency of the appeal, on November 27, 2019, she filed a series of motions in the juvenile court, including a petition for custody or grandparent visitation and a motion to reconsider. Grandmother's motions were filed more than 30 days post-trial. The circuit court dismissed the appeal on December 9, 2019. On the same day, Grandmother filed a new motion for visitation in the juvenile court, citing a pre-paid vacation.

Mother retained counsel, who entered a limited appearance to contest jurisdiction pursuant to Rule 11 of the Tennessee Rules of Civil Procedure.[3] Mother argued that the Child no longer resided in Tennessee and that the October 2019 order was a final order not subject to modification. The matter proceeded to a hearing, after which the juvenile court dismissed the motions with prejudice by order entered on December 17, 2019.

Grandmother filed a motion to set aside the December 2019 order, arguing that the juvenile court's order did not reflect the court's statements at the hearing and that Mother's

---

[3] "An attorney providing limited scope representation to an otherwise unrepresented party shall file at the beginning of the representation an initial notice of limited scope representation with the court, simply stating that the representation is subject to a written limited scope representation agreement without disclosing the terms of the agreement."

counsel failed to send a copy of the order to Grandmother prior to its filing. The trial court entered an interim order in which it directed Grandmother to brief the issue of the court's jurisdiction.

Thereafter, Grandmother filed a motion to set aside the October 2019 order pursuant to Rule 60 of the Tennessee Rules of Civil Procedure,[4] claiming that Mother committed fraud in her representations to the court. Grandmother also issued a brief on the issue of jurisdiction, arguing, inter alia, that the juvenile court possessed jurisdiction based upon the filing of the Rule 60 motion.

As pertinent to this appeal, the trial court set aside the December 2019 order as requested and entered a new order in its stead, dated February 14, 2020. The February 2020 order provided, in pertinent part, as follows:

1. This matter was originally heard on October 16, 2019, by the Honorable Judge Will Roach, Juvenile Court Judge for Jefferson County.

2. Judge Roach denied Grandmother's petition for visitation after a lengthy hearing.

3. This matter was timely appealed to Jefferson County Circuit Court.

4. On December 9, 2019, the Honorable Judge Carter Moore affirmed the decision of [the juvenile court].

5. [Grandmother] apparently filed a complaint against [Judge Roach] as she disagreed with his order, thus causing Judge Roach to recuse himself from any further actions regarding this matter.

6. This court is unwilling to intervene and possibly rule that both Judge Roach and Judge Moore were incorrect; it is unclear as to why it has jurisdiction when the matter was already appealed.

7. Costs taxed to [Grandmother].

Grandmother moved to correct the order, again citing numerous inaccuracies in the court's findings. Meanwhile, Mother provided Grandmother with a safe-harbor letter pursuant to

---

[4] "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding [based upon] fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]"

Rule 11 of the Tennessee Rules of Civil Procedure,[5] advising her that a motion for sanctions would be filed if she did not withdraw her motions within 21 days. Mother again entered a notice of limited appearance to contest the court's jurisdiction.

Following a hearing, the trial court entered an amended order, dated August 14, 2020, correcting its errors and providing as follows:

1. This matter was originally heard on October 16, 2019, by the Honorable Judge Will Roach, Juvenile Court Judge for Jefferson County.

2. Judge Roach granted Mother's Petition for Custody.

3. This matter was timely appealed to Jefferson County Circuit Court.

4. On December 9, 2019, the Honorable Judge Carter Moore dismissed the appeal as it needed to be filed in the Tennessee Court of Appeals.

5. [Grandmother] apparently filed a complaint against [Judge Roach] as she disagreed with his order, thus causing Judge Roach to recuse himself from any further actions regarding this matter.

6. This court is unwilling to intervene and possibly rule that both Judge Roach and Judge Moore were incorrect; it is unclear as to why it has jurisdiction when the matter was already appealed.

7. This Order supersedes the Order previously entered by this Court.

---

[5] Providing the trial court with the authority to impose monetary sanctions if counsel's conduct is in violation of Rule 11.02 of the Tennessee Rules of Civil Procedure, which provides as follows:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

8.      Costs taxed to [Grandmother].

It is from this order that Mother appeals, arguing that the trial court was without jurisdiction to consider any post-trial motions and further erred by amending its final order to include explanatory language of the circuit court order.

As a threshold issue, we must advise the parties that our court must limit its role to deciding "'legal controversies.'" *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 203 (Tenn. 2019) (quoting *White v. Kelton*, 232 S.W. 668, 670 (Tenn. 1921)). A proceeding is deemed a legal controversy "when the disputed issue is real and existing, and not theoretical or abstract, and when the dispute is between parties with real and adverse interests." *Id.* (citations omitted). "A case must remain justiciable through the entire course of litigation, including any appeal," and "[a] case is not justiciable if it does not involve a genuine, continuing controversy requiring the adjudication of presently existing rights." *Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely*, 182 S.W.3d 333, 338 (Tenn. Ct. App. 2005). "A moot case is one that has lost its justiciability either by court decision, acts of the parties, or some other reason occurring after commencement of the case." *Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 204.

The procedural history of this action is undoubtedly complex with layered jurisdictional issues based upon Grandmother's repetitive filing of motions in different courts. To confuse matters further, Mother appeals from an order that dismissed said motions and effectively affirmed the return of custody to her based upon the court's belief that it likely did not possess jurisdiction. We find no legal controversy here and dismiss the appeal as moot.

The parties offer competing requests for attorney's fees on appeal. However, neither party identified the request for attorney's fees as an issue on appeal in their initial brief.[6] "'Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4)' in order to be properly before this Court." *Gibson v. Bikas*, 556 S.W.3d 796, 810 (Tenn. Ct. App. 2018) (quoting *In re Estate of Burke*, No. M2012-01735-COA-R3-CV, 2013 WL 2258045, at *6 (Tenn. Ct. App. May 21, 2013)). An issue may be deemed waived "where it is argued in the brief but not designated as an issue" in accordance with Rule 27(a)(4) of the Tennessee Rules of Appellate Procedure. *See ABN AMRO Mortg. Grp., Inc. v. Southern Sec. Fed. Credit Union*, 372 S.W. 3d 121, 132 (Tenn. Ct. App. 2011); *Childress v. Union Realty Co.*, 97 S.W. 3d 573, 578 (Tenn. Ct. App. 2002). We note that our decision regarding whether to award attorney's fees on appeal is a discretionary one. *Banks v. St.*

_____

[6] Notably, Mother failed to include a statement of issues in her initial brief and issued a reply brief for the sole purpose of providing her statement of the issues.

*Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985); *Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003). While we are sympathetic to Grandmother's defense of an appeal that we have deemed moot, we must hold that the issue of attorney's fees is waived in light of the failure to properly raise the issue in the brief.

For the reasons set forth above, we dismiss the appeal. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Alexis Stump.

_____
JOHN W. MCCLARTY, JUDGE