IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 4, 2019 Session

## VANQUISH EXPRESS, LLC v. DIXIE OHIO XPRESS, LLC, ET AL.

**Appeal from the Circuit Court for Sumner County**
**No. 2016-CV-389   Joe Thompson, Judge**

_____

**No. M2018-01934-COA-R3-CV**

_____

This is an appeal from the trial court's denial of the defendants' motion to set aside an agreed order, which, among other things, dismissed the plaintiff's complaint with prejudice. Defendants alleged that their former counsel entered into the agreement without their authorization. Finding that the defendants submitted no evidence to support the allegation, the trial court denied the motion. Defendants appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Casey A Long, Lawrenceburg, Tennessee, for the appellants, Joseph D. Powell, and Dixie Ohio Xpress, LLC.

William L. Moore, Jr., Gallatin, Tennessee, for the appellee, Vanquish Express, LLC.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

On September 15, 2015, Vanquish Express, LLC ("Plaintiff") entered into a Lease Agreement, an Asset Purchase Agreement, and an Employment Agreement with Dixie Ohio Xpress, LLC ("DOX") and Joseph D. Powell (together, "Defendants"). Plaintiff is an intrastate transportation and hauling services company. Mr. Powell is the chief manager of DOX, which is similarly engaged in the trucking and shipping industry. Per the Lease Agreement, Plaintiff leased from Defendants a parcel of property (the "Property") containing a building, a shop, and a yard; per the Asset Purchase Agreement,

Plaintiff agreed to purchase from Defendants certain items of personal property for a total of $30,000.00; and, per the Employment Agreement, Plaintiff hired Mr. Powell to manage the transportation and shipping operations of the company.[1] Additionally, Mr. Powell entered into a covenant not to compete with Plaintiff during the term of his employment and for a period of twenty-four months thereafter.

On April 4, 2016, Mr. Powell was terminated from his employment with Plaintiff. The letter notifying Mr. Powell of his termination provided that Plaintiff had received numerous complaints from co-workers and current customers regarding his negative language and behavior. The letter also provided that, on March 14, 2016, Plaintiff had notified Mr. Powell that he needed to vacate his living quarters on the Property by March 28, 2016.[2] However, by April 4, 2016, Mr. Powell had not vacated the Property, and he had informed Plaintiff's CEO that he did not intend to do so. On April 11, 2016, Plaintiff filed a Complaint and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction and for Damages (the "Complaint") against Defendants in the Sumner County Circuit Court (the "trial court"). In the Complaint, Plaintiff alleged that Mr. Powell had breached the covenant not to compete by directly soliciting Plaintiff's current customers, had intentionally interfered with the Property by failing to vacate the premises, and had refused to disclose the location of trailers purchased by Plaintiff. The trial court issued the temporary restraining order on the same day, prohibiting Defendants from threatening or harassing Plaintiff's employees, making disparaging statements about Plaintiff's business to current customers, soliciting Plaintiff's existing or former customers, violating the covenant not to compete, interfering with Plaintiff's business operations, copying or retaining Plaintiff's business files, disclosing confidential information concerning Plaintiff's customers, and damaging, destroying, or disposing of Plaintiff's property. The order further required that Mr. Powell vacate the Property. On April 22, 2016, the trial court entered an Agreed Order on Temporary Injunction, resetting the matter to May 5, 2016 and keeping the temporary restraining order in effect until that time. Defendants filed a Motion to Lift Restraining Order on August 19, 2016, which the trial court granted on October 17, 2016.

On March 7, 2017, the trial court entered an Agreed Order of Compromise and Settlement (the "Agreed Order"), wherein it was agreed that the Complaint would be dismissed with prejudice. Additionally, the Agreed Order provided that Plaintiff would pay to the trust account of Defendants' attorney, Thomas Boyers, V, the amount of $4,000.00 "in full satisfaction for the assets purchased by way of the Asset Purchase Agreement . . . and in full satisfaction of any and all rent for the months of June 2016, and July 2016." The Agreed Order also provided the following: that Defendants release

---

[1] Mr. Powell's employment was set to begin on September 17, 2015 and to extend for one year, barring termination for any of the reasons set forth in the Employment Agreement.

[2] Per the Lease Agreement, Plaintiff had permitted Mr. Powell to reside on the Property; however, in the March 14, 2016 notification, Plaintiff informed Mr. Powell that it had discovered that the Property was located in a General Commercial District and, thus, could not be used as residential property.

all right, title, and interest in all of the property listed in the Asset Purchase Agreement; that Mr. Powell could retain all of the trailers currently in his possession; and that Mr. Powell was released from any non-compete provisions contained in the Asset Purchase Agreement and the Employment Agreement.

On March 17, 2017, Defendants retained new counsel, Casey Long, and filed a Sworn Motion to Set Aside Agreed Order of Compromise and Settlement ("Motion to Set Aside") pursuant to Tennessee Rule of Civil Procedure 60.02 sections (1), (2), and (5), alleging that their previous counsel, Mr. Boyers, had entered into the Agreed Order without their authorization. Specifically, Defendants claimed that they did not authorize Mr. Boyers to accept the amount of $4,000.00 in satisfaction of the assets intended to be purchased through the Asset Purchase Agreement and that they had not agreed to release all right, title, and interest in all of the property listed in the Asset Purchase Agreement. Plaintiff filed a Response in Opposition to the Motion to Set Aside, asserting that Defendants failed to provide any facts in support of their claim that Mr. Boyers had entered into the Agreed Order without their authorization. On September 20, 2018, the trial court entered its final order, denying Defendants' Motion to Set Aside. In its order, the trial court first noted that, because Defendants filed their Motion to Set Aside within 30 days of the entry date of the judgment approving the Agreed Order, the motion was analyzed under Tennessee Rule of Civil Procedure 59.04 rather than Rule 60.02. Secondly, the trial court concluded that Defendants failed to provide any facts or evidence to support their claim that their former attorney had acted without their authorization. Defendants timely appealed.

On November 26, 2018, Defendants filed a Notice of Designation of Record with the trial court, stating that they would not file a transcript of the proceedings but that they would file a statement of the evidence. However, on January 3, 2019, Defendants filed a Notice with the trial court, stating that neither a transcript of the proceedings nor a statement of the evidence would be filed.

## ISSUES PRESENTED

Defendants raise only one issue on appeal, reproduced as follows: Whether the trial court erred in failing to set aside the entry of the Agreed Order entered on March 7, 2017 in light of Defendants' counsel's failure to get consent from Defendants to enter into such Agreed Order.

Plaintiff raises two additional issues, restated as follows:

1. Whether the issues raised by Defendants are pretermitted because the findings of the trial court's order are conclusive and Defendants are bound by those findings.

2. Whether the Defendants' appeal is devoid of merit and, therefore, frivolous.

## DISCUSSION

In their Motion to Set Aside, Defendants sought relief pursuant to Tennessee Rule of Civil Procedure 60.02 sections (1), (2), and (5). Accordingly, Defendants sought relief on the grounds of mistake, inadvertence, surprise, or excusable neglect, fraud, and any other reason justifying relief from the operation of the judgment. *See* Tenn. R. Civ. P. 60.02. The trial court, however, analyzed the motion as a Rule 59.04 motion. As the courts of this state have held, Tennessee Rules of Civil Procedure 59.04 and 60.02(1) each provide a vehicle for seeking relief from orders entered as a result of "mistake, inadvertence, or excusable neglect" by a party's counsel. *Ferguson v Brown*, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008) (citing *Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn. 1977)). Rule 59.04 also provides an avenue for relief "when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice." *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005). While the avenues for relief are similar under both rules, the time in which such relief must be requested is different. Rule 59.04 allows a party to seek relief from a judgment within thirty days after being entered. *See* Tenn. R. Civ. P. 59.04 ("A motion to alter or amend a judgment shall be filed and served *within thirty (30) days after* the entry of the judgment.") (emphasis added). Conversely, Rule 60.02 affords a party a means to seek relief from a final, non-appealable judgment, after 30 days of the entry of the judgment. *See* Tenn. R. Civ. P. 60.02 ("On motion and upon such terms as are just, the court may relieve a party or the party's legal representative *from a final judgment, order or proceeding* for the following reasons . . . .") (emphasis added). Here, the Agreed Order was entered on March 7, 2017, and Defendants filed their Motion to Set Aside on March 17, 2017. Because Tennessee courts "look to the substance of a motion, not its title[,]" *Parker v. Vanderbilt Univ.*, 767 S.W.2d 412, 421 n.1 (Tenn. Ct. App. 1988), Defendants' motion is properly analyzed under Rule 59.04, as correctly noted by the trial court. On appeal, we review the trial court's denial of a Rule 59.04 motion to alter or amend a judgment under an abuse of discretion standard. *Whalum v. Marshall*, 224 S.W.3d 169, 174 (Tenn. Ct. App. 2006) (citing *Chambliss v. Stohler*, 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003)). A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)).

Here, Defendants, in a simple, declaratory statement, alleged that Mr. Boyers entered into the Agreed Order without their authority to do so. Noting Defendants' lack of proof in support of their Motion to Set Aside, the trial court found the following:

- 4 -

Here, however, the Defendants have offered nothing more than allegations that their former attorney acted without their consent. At this stage of the proceedings, there are no facts before the Court that would support such a claim. Curiously absent is any proof whatsoever from Defendant's former attorney with respect to his lack of authority. The Defendants certainly had the ability to subpoena their former attorney—either to court or for a deposition—to provide some factual basis for the Court to analyze when considering their motion. Absent such proof, the Court has no basis upon which to set aside an Agreed Order that was entered into in good faith by the Plaintiff in this case.

After our review of the record, we agree with the trial court's conclusion that Defendants failed to provide an evidentiary basis upon which to set aside the Agreed Order. The record contains no evidence introduced in support of Defendants' Motion to Set Aside, and, moreover, the record on appeal contains neither a transcript of the proceedings nor a statement of the evidence. Because the errors alleged by Defendants are not reflected in the technical record, and because the trial court's findings of fact are presumed to be correct in the absence of a transcript or statement of the evidence, *see Burris v. Burris*, 512 S.W.3d 239, 248 (Tenn. Ct. App. 2016), we must affirm the trial court's denial of Defendants' Motion to Set Aside.

In their brief on appeal, however, Defendants cite to *McNeese v. Williams* as justification for relief. There, the parties had similarly entered into a settlement agreement, which was subsequently entered by the trial court. *McNeese v. Williams*, No. M2015-01037-COA-R3-CV, 2016 WL 937168, at *1 (Tenn. Ct. App. Mar. 10, 2016). Thereafter, the appellant filed a Rule 60.02 motion to set aside the order, claiming that he had never authorized his counsel to enter into the settlement agreement. The trial court denied the motion. *Id*. at *1-2. On appeal, this Court held that the case "involve[d] unique and extraordinary circumstances that justif[ied] relief from the operation of the agreed order entered by the trial court without the consent of both parties." *Id.* at *5. The unique and extraordinary circumstances were that the appellant—prior to the entry of the agreed order—had notified the trial court that he had withdrawn his consent to the oral settlement agreement reached by the parties' attorneys. *Id*. Even with this notice, the trial court nevertheless entered the agreed order. *Id*. Here, however, the record contains no such facts. Only after the trial court's entry of the Agreed Order did Defendants allege Mr. Boyers had entered into the agreement without their authorization, which, as we noted above, Defendants failed to support with any corroborative evidence. Accordingly, unlike the *McNeese* case, there are no "unique and extraordinary circumstances" in this case that justify relief from the operation of the Agreed Order, and we conclude that the trial court did not abuse its discretion in denying Defendants' Motion to Set Aside.

Finally, we address Plaintiff's contention that, pursuant to Tennessee Code Annotated section 27-1-122, Defendants' appeal is frivolous and that we should award it the costs or damages incurred in defending this appeal. Tennessee Code Annotated section 27-1-122 provides the following:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. The decision to award damages for the filing of a frivolous appeal rests solely in the discretion of this Court. *Whalum*, 224 S.W.3d at 180-81 (citing *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985)). "Successful litigants should not have to bear the expense and vexation of groundless appeals." *Id*. at 181 (quoting *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)). An appeal is frivolous when it had "no reasonable chance of success" or is "so utterly devoid of merit as to justify the imposition of a penalty." *Id*. (citing *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978); *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999)). While the *McNeese* case cited by Defendants is similar to the case presently before us, it nevertheless bears a significant and distinguishing fact—that the trial court had notice of the party's withdrawal of consent *prior* to its entry of the agreed order. With such a glaring difference, together with the inadequate state of the record on appeal, we can only conclude that Defendants' appeal had "no reasonable chance of success." *See Whalum*, 224 S.W.2d at 180-81. Accordingly, we have determined that Plaintiff is entitled to an award of attorney's fees incurred on this appeal, and we remand this case to the trial court for an assessment of reasonable attorney's fees in accordance with Tennessee Code Annotated section 27-1-122.

As a final matter, the record reflects that Plaintiff paid the $4,000.00 described above to the trust account of Defendant's previous counsel, Mr. Boyers, pursuant to the Agreed Order. After Mr. Boyers withdrew as counsel for Defendants, the trial court, on October 6, 2017, granted Mr. Boyers leave to deposit the $4,000.00 with the Clerk of the Circuit Court. According to the parties' briefs on appeal and statements made at oral argument, the $4,000.00 was then deposited back into Plaintiff's counsel's trust account, where it currently remains. On remand, the trial court shall order Plaintiff to pay to the trust account for Defendants' attorney, Casey Long, the $4,000.00 "in full satisfaction for the assets purchased by way of the Asset Purchase Agreement . . . and in full satisfaction of any and all rent for the months of June 2016, and July 2016" in accordance with the Agreed Order.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court and remand for further proceedings consistent with this opinion.

_____
ARNOLD B. GOLDIN, JUDGE