FILED

12/23/2024

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 5, 2024

## ABDOLHOSSAIN MOTEALLEH v. REMAX TRISTAR REALTY, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 2-129-23 William T. Ailor, Judge**

_____

**No. E2023-01407-COA-R3-CV**

_____

This appeal arises from a complaint filed by Abdolhossain Motealleh ("Plaintiff") entitled, "Petition for Criminal Conspiracy to Petition David Margulies for Representations." The trial court dismissed the complaint upon the defendants' Tennessee Rule of Civil Procedure 12.06(b) motion to dismiss for failing to state a claim upon which relief could be granted. Plaintiff appeals that decision. Due to profound deficiencies with Plaintiff's brief, particularly his failure to comply with Rule 27(a)(4) and (7) of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee in several material respects, Plaintiff has waived his right to an appeal. Accordingly, the judgment of the trial court is affirmed. The defendants, ReMax Tri Star Realty and Jarrod Cruz, ("Defendants") contend this is a frivolous appeal and seek an award of damages pursuant to Tennessee Code Annotated § 27-1-122. Having determined that this appeal is devoid of merit, we find the appeal to be frivolous. Therefore, Defendants are entitled to recover their reasonable and necessary attorney's fees and expenses incurred in defending this frivolous appeal. Accordingly, we remand this case to the trial court to make the appropriate award.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed and Remanded

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Abdolhossain Motealleh, Knoxville, Tennessee, Pro Se.

Sal W. Varsalona and Elizabeth M. Burrell, Clinton, Tennessee, for the appellees, ReMax Tri Star Realty and Jarrod Cruz.

# OPINION

The complaint filed in this matter is comprised of two pages. Page one lists the defendants. Page two of the complaint reads (in all caps) as follows:

DECLARATION OF ABDOLHOSSAIN MOTEALLEH IN SUPORT OF PETITION FOR CRIMINAL CONSPIRACY TO PETITION DAVID MARGULIES FOR REPRESENTATIONS:

1. I AM THE PETITIONER AND CITIZEN OF THE UNITED STATES AND RESIDENT OF THE STATE OF TENNESSEE / KNOXVILLE.
2. MY ATTORNEY OF RECORDS IS DAVID MARGULIES.
3. I HAVE BEEN COMMUNICATING WITH HIM THROUGH HIS WEB SITE AS RELATED TO THE ABOVE CRIMINAL CONSPIRACY AND THE OTHER CRIMINAL ACTS WHICH I HAVE BEEN SUBJECTED TO BY THE OTHER DEFENDANTS IN [California] AND/OR IN [North Carolina] AND/OR IN KNOXVILLE AND/OR IN GENERAL DEFENDANTS AND/OR NON DEFENDANTS. AND/OR NON DEFENDANTS.
4. I BELIEVE HE CAN TESTIFY IN FRONT OF THE GRAND JURY IF HE ASKED TO DO SO.[]
5. I BELIEVE I CAN TESTIFY IN FRONT OF GRAND JURY IF I ASKED TO DO SO.
6. THIS PETITION ARISES OF THE ARTICLE / SECTIONS OF THE CONSTITUTION OF THE STATE OF TENNESSEE, THE CIVIL RIGHTS LAWS, THE CRIMINAL LAWS AND ALL OF THE OTHER APPLICABLE LAWS TO INCLUDE BUT NOT LIMITED TO PERJURY IN THE COURT PROCEEDINGS, THE ATTEMPTED CRIMINAL ACTS, FRAUD, CONSPIRACY TO COMMIT FRAUD, CONSPIRACY TO COMMIT THE CRIMINAL ACTS INCLUDING ATTEMPTED MURDER, BREACH OF CONTRACT AND. . . .

I DECLARE UNDER THE PENALTY OF PERJURY AND WITH THE BEST OF MY KNOWLEDGE THAT THE ABOVE ARE CORRECT AND TRUE.

ReMax Tri Star Realty and Jarrod Cruz responded to the complaint by filing a Tennessee Rule of Civil Procedure Rule 12.02(6) motion to dismiss for failure to state a valid claim. They contended the complaint should be dismissed for the following reasons:

1. Plaintiff does not plead any cause of action against the Defendants, nor does he ask for any relief or damages, making it impossible for the Defendants to even respond.

2. Plaintiff makes various references to criminal conspiracy and other criminal acts which have not been sufficiently plead[ed].
3. Plaintiff makes other allegations of fraud, which have not been specifically plead[ed].

Following a hearing on August 18, 2023, the trial court granted Defendants' motion to dismiss, stating, in pertinent part:

1. That Abdolhossain Motealleh ("Plaintiff") initiated this action by filing a document titled "Petition for Criminal Conspiracy to Petition David Margulies for Representations" on or about May 15, 2023.
2. That the Complaint fails to comply with the necessary pleading requirements of Tennessee Rule of Civil Procedure Rule 8.0 and Rule 9.0.
3. That the Complaint fails to make any allegations as to how these defendants violated any specific statute, law, ordinance, or breached any duty, whether founded in contract or in tort.
4. That the Plaintiff's Complaint does not sufficiently plead the allegations of fraud or conspiracy, as required by Tennessee Rules of Civil Procedure 9.02.
5. That the Complaint fails to make a demand for relief or state a cause of action for which relief can be granted and there is no "just reason for delay" in dismissing the claims.
6. That the Plaintiff's Complaint against Defendants, ReMax Tri Star Realty and Jarrod Cruz[], is hereby dismissed with prejudice as to the refiling of same.

The order dismissing all claims against ReMax Tri Star and Jarrod Cruz was entered on September 26, 2023. In a separate order entered on the same date, the trial court also dismissed all claims against the other defendants, First American Title Insurance Company and Warren Robinson, who have not made an appearance in this appeal.

This appeal by Plaintiff followed.

**ISSUES**

Plaintiff does not provide a statement of the issues, as required by Rule 27(a)(4) of the Tennessee Rules of Appellate Procedure, nor does he identify or articulate a justiciable issue.

Defendants, ReMax Tri Star Realty and Jarrod Cruz, raise three issues:

1. Whether the Appeal should be dismissed pursuant to Tenn. R. App. P. 27 and Tenn. R. Ct. App. 6(a) for failure to comply with the Briefing requirements and Rules of the Appellate Court.
2. Whether the trial court erred by granting the Motion to Dismiss Mr. Motealleh's Complaint pursuant to Tenn. R. Civ. P. 12.02(6), Tenn. R. Civ. P. 8 and Tenn. R. Civ. P. 9.1
3. Whether the Appellees are entitled to damages for defending the frivolous appeal pursuant to Tenn. Code Ann. § 27-1-122.

## ANALYSIS

As Defendants astutely state in their brief:

Based on the deficiencies in Mr. Motealleh's brief, the Appellee[s] [are] left to guess as to what arguments [they] wish[] to make in regard to the appealable issues before this Court. Accordingly, the Appellee[s] argue[] Mr. Motealleh has waived these issues for failing to comply with Tenn. R. App. P. 27 and Tenn. R. Ct. App. 6(a).

To the extent the Appellee[s] can surmise Mr. Motealleh's appealable issue before this Court, the Appellee[s] will simply guess the Appellant wishes to appeal the lower court's decision granting the Defendant's Motion to Dismiss pursuant to Tenn. R. Civ. P. 12.06(b) for failure to state a claim. Mr. Motealleh filed a "Complaint" in the Circuit Court for Knox County, Tennessee, alleging a "criminal conspiracy" and other "criminal acts" which he had been subjected to in various jurisdictions including, California, North Carolina, and Tennessee. These blanket assertions were the sole basis for Mr. Motealleh's Complaint. His Complaint lacked any specific allegation and absolutely no nexus to any individual Defendant. Due to the absolute lack of specific facts that would enable the Defendant to ascertain the nature of the claims being made, the Defendants filed a Motion to Dismiss for failure to state a claim upon which relief could be granted pursuant to Tenn. R. Civ. P. 12.06(b) and alleged the "facts" as set out in the Complaint were not sufficient to meet the pleading requirements as set out in the Tennessee Rules of Civil Procedure.

We agree.

## I. PRO SE LITIGANTS

We have addressed the rights and responsibilities of pro se litigants on numerous occasions:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014) (quoting *Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003)); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

Consequently, a pro se litigant should not "be permitted to shift the burden of the litigation to the courts or to their adversaries." *Young*, 130 S.W.3d at 63. Further, a pro se litigant must comply with the same rules that lawyers must observe. *Watson v. City of Jackson*, 448 S.W.3d 919, 926–27 (Tenn. Ct. App. 2014).

## II. WAIVER OF APPELLATE REVIEW

Plaintiff's appellate brief has many profound deficiencies. We will address two.

An appellant's brief must contain "'[a] statement of the issues presented for review.'" *Charles v. McQueen*, 693 S.W.3d 262, 284 (Tenn. 2024) (quoting Tenn. R. App. P. 27(a)(4)). Plaintiff failed to state or otherwise identify a justiciable issue.

An appellant, as well as an appellee, must also present arguments that detail their "'contentions . . . with respect to the issues presented'" with appropriate appeals to reason and authority and include a conclusion that states "'the precise relief sought.'" *Id*. (quoting Tenn. R. App. P. 27(a)(7)(A), (a)(8), (b)); *see also Williams v. Williams*, No. E2023-00810-COA-R3-CV, 2024 WL 712927, at *3–4 (Tenn. Ct. App. Feb. 21, 2024). Plaintiff's ostensible argument fails to meet this standard and is profoundly deficient in many respects, including the fact that it makes no references to the record and contains no citations to relevant legal authority.

As this court explained in *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009):

**Our Courts have "routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as described by Rule 27(a)(7) constitutes a waiver of the issue[s] [raised]."** *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). In *Bean*, we went on to hold that "an issue is waived where it is simply

- 5 -

raised without any argument regarding its merits." *Id.* at 56; *see also Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (holding that the failure of a party to cite to any authority or to construct an argument regarding his or her position on appeal constitutes waiver of that issue). As we stated in *Newcomb*, a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *Newcomb*, 222 S.W.3d at 400. It is not the function of this Court to … research and construct the party's argument. *Bean*, 40 S.W.3d at 56.

(Emphasis added). Our Supreme Court has recognized that failure to comply with the rules of this court is an appropriate basis for "refusing to consider a case upon its merits." *Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781, 781 (1928).

Based upon the foregoing legal principles, we conclude that Plaintiff has waived his right to an appeal as to any issue due to profound deficiencies in his appellate brief, specifically his failure to comply with Rules 27(a)(4) and (7) of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee. *See Williams*, 2024 WL 712927 at *3–4.

For the above reasons, we affirm the judgment of the trial court in all respects.

## III. ATTORNEY'S FEES ON APPEAL

Defendants seek to recover the reasonable and necessary attorney's fees and expenses they incurred in defending this appeal, contending that the appeal is frivolous. "'A frivolous appeal is one that is "devoid of merit," or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)).

Tennessee Code Annotated § 27-1-122 addresses the damages available for a frivolous appeal, stating:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

A successful party should not be forced to bear the costs and vexation of a baseless appeal, nor should appellate courts be saddled with such appeals. *See Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 342 (Tenn. 2010). However, the courts must take care not to discourage legitimate appeals and should only impose a penalty pursuant to Tennessee

Code Annotated § 27-1-122 in rare and obvious cases of frivolity. *Id.* Whether to award damages due to a frivolous appeal is a discretionary decision by the appellate court. *Young v. Barrow*, 130 S.W.3d 59, 66–67 (Tenn. Ct. App. 2003) (citing *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985)).

For the reasons stated above, we find Plaintiff's appeal devoid of merit because there was no prospect that his appeal could succeed. Accordingly, we find his appeal to be frivolous. *See Morton*, 182 S.W.3d at 838. For these reasons, Defendants are entitled to recover their reasonable and necessary attorney's fees and expenses incurred in defending this frivolous appeal. This case is remanded to the trial court to make the appropriate award.

## CONCLUSION

For the reasons stated above, we affirm the trial court in all respects and remand this case to the trial court for further proceedings consistent with this opinion. The costs on appeal are assessed against the appellant, Abdolhossain Motealleh.

_____
FRANK G. CLEMENT JR., P.J., M.S.