IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 3, 2025

## IN RE ESTATE OF BOBBY HAIR

**Appeal from the Chancery Court for Knox County**
**No. 87424-3  Christopher D. Heagerty, Jr., Chancellor**

___

### No. E2024-01893-COA-R3-CV

___

Appellant filed a petition to probate the will of her former husband, asking that she be awarded a life estate in the former husband's residence, per the terms of the will. The estate was eventually closed by agreed order, which granted Appellant a life estate in the subject property. Appellant thereafter filed a motion to set aside the agreed final order, arguing that her and the decedent's marital dissolution agreement awarded her at least a one-half ownership interest in the property. The trial court denied the motion after concluding that Appellant did not meet her burden under Rule 60.02 of the Tennessee Rules of Civil Procedure. Due to profound deficiencies in Appellant's brief, we dismiss this appeal and award Appellees their reasonable attorney's fees and expenses incurred in defending this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Peggy Arlene Russell, Knoxville, Tennessee, Pro se.

Kevin A. Dean, Knoxville, Tennessee, for the appellees, Estate of Bobby Joe Hair, Danny D. Hair, and Sterling K. Hair.

### MEMORANDUM OPINION[1]

___

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall

# I. FACTUAL AND PROCEDURAL HISTORY

On March 16, 2023, Petitioner/Appellant Peggy Arlene Russell ("Appellant"), by and through counsel, filed a petition to probate the Last Will and Testament ("the Will") of Bobby Joe Hair ("Decedent") in the Knox County Chancery Court ("the trial court"). Therein, Appellant alleged that she was Decedent's former spouse and that Decedent was survived by his four children. According to Appellant, the Will granted Appellant a life estate in Decedent's residence on East Moody Avenue in Knoxville, Tennessee ("the East Moody Avenue Property" or "the Property"), and named two of Decedent's sons as executors of his estate. Appellant asked that the Will be admitted to probate, that Appellant or one of Decedent's sons be named personal representative, and that inventory and bond be waived on the basis that there is no personal property of Decedent.

On April 13, 2023, the two sons named as beneficiaries under the Will, Respondents/Appellees Danny David Hair and Sterling Keith Hair (together, "Appellees"), filed a response to Appellant's petition. Appellees agreed that the Will should be probated and that Appellant was granted a life estate in the East Moody Avenue Property, but asserted that any remaining property was bequeathed to them. Appellees also asked that one of them be named executor, as nominated in the Will.

On May 11, 2023, the parties entered into an agreed order admitting the Will to probate and ordering that no executor would be appointed or letters testamentary would be issued, that Appellant was granted a life estate in the East Moody Avenue Property, that the remainder interest in that property and all remaining assets would pass to Appellees, and that the estate would be closed. The order was signed by the trial judge, counsel for Appellees, and counsel for Appellant, by permission. A certificate of service indicates that the order was served on Appellant through her attorney.

On October 26, 2023, Appellant, again represented by counsel, filed a motion to set aside the agreed order pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. Therein, Appellant alleged that she and Decedent agreed in their marital dissolution agreement ("MDA") to an equitable division of both real and personal property.[2] Because

---

be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Specifically, the MDA stated as follows:

[T]he parties desire by this Agreement to make an equitable division of all their property which settles and determines all claims for alimony, which divides all property, both real and personal, owned by them or either of them, and which divides responsibility for all current indebtedness incurred during the marriage.

the parties lived at the East Moody Avenue Property during the marriage, Appellant alleged that the Property was transmuted into marital property. According to Appellant, however, during probate of the Will, the parties "mistakenly, or through inadvertence" failed to inform the trial court that the Property "was a part of the Marital Estate" and that Appellant therefore owned at least a fifty percent interest in the Property. Appellant further argued that Decedent could only bequeath a fifty percent (or less) remainder interest to Appellees in the Will. Appellant asserted that this constituted a mistake justifying Rule 60.02 relief, or, in the alternative, that the divorce decree and MDA "were intentionally withheld" from the trial court, which act constituted fraud. Appellant attached to her motion the divorce decree, the MDA, and an affidavit from her counsel. Therein, Appellant's counsel explained that he was provided with a copy of the MDA and divorce decree and initially "read those documents as awarding [the East Moody Avenue Property] solely to [Decedent]." Since the close of the probate matter, however, he "re-read the Divorce Documents and believe[s] [Appellant] may have an ownership interest in [the East Moody Avenue Property] that is inconsistent with and greater than" the interest she was awarded in the agreed order closing Decedent's estate.

Appellees filed a response in opposition on November 1, 2023, arguing that there was no mistake justifying relief under Rule 60.02, that Appellant asserted in her own petition to probate that the East Moody Avenue Property was "[D]ecedent's residence" and that she was entitled to only a life estate in the Property, and that Appellant was attempting to modify an MDA that had been entered over fifteen years earlier.

In the course of hearing the Rule 60.02 motion, Appellant asserted that she wished to provide oral testimony. As a result, on January 25, 2024, Appellees filed a motion in limine to prevent any testimony barred by the Dead Man's Statute or the parole evidence rule. Appellant filed a response in opposition to the motion in limine on February 22, 2024. Appellant thereafter filed a brief and additional authorities for the trial court's consideration.

A hearing on Appellant's Rule 60.02 motion was held on March 1, 2024; Appellant was permitted to testify. The trial court thereafter denied Appellant's Rule 60.02 motion by order of March 21, 2024. Therein, the trial court ruled that there was no proof to support any claim of fraud or that the judgment was void. As for the claims of mistake or other grounds for relief under Rule 60.02, the trial court found that Appellant's attorney's alleged misapprehension of the law "is not the sort for which Rule 60 provides relief." The trial court further held that Appellant was not entitled to relief under Rule 60.02(5), as that subsection is not a vehicle to relieve a party from their deliberate choices. Finally, the trial

. . . .
[A]ll property, not heretofore divided, will be divided by the time of the rendering of the Final Decree in this matter. Unless specifically provided otherwise herein, each party shall have full title and ownership to all property in said [party's] possession at the time of the rendering of a Final Decree in this matter.

court also found that Appellant's Rule 60.02 motion was nothing more than a collateral attack on the divorce decree, that any argument regarding transmutation was barred by the doctrine of res judicata, and that any claim for transmutation was released by Appellant in the MDA.

On April 19, 2024, Appellant filed a motion to alter or amend, arguing that the trial court misstated the facts and the law in several respects. The trial court denied the motion by order of November 20, 2024, but did enter a revised order denying the motion for Rule 60.02 relief on December 4, 2025, to add some additional context; the revised order did not materially alter the trial court's judgment denying Rule 60.02 relief. Appellant filed a notice of appeal to this Court on December 19, 2024. On the same day, Appellant's counsel filed a motion to withdraw; the motion was granted on February 12, 2025.

## II. ANALYSIS

Generally, our consideration of an appeal begins with the issues presented by the appellant. *See **Hodge v. Craig**, 382 S.W.3d 325, 334 (Tenn. 2012) ("[A] properly framed issue may be the most important part of an appellate brief." (citation omitted).) In this case, however, Appellant has not designated any issues for our consideration. According to Appellees, this is but one among many failures of Appellant to follow the rules of this Court. Unfortunately, we must agree.

Pursuant to Rule 27 of the Tennessee Rules of Appellate Procedure, the brief of each appellant must contain the following "under appropriate headings and in the order here indicated":

> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied

on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Respectfully, Appellant's brief fails to comply with most of the requirements of Rule 27(a). Appellant's brief does contain what are titled a table of contents and a table of authorities; neither includes the required "references to the pages in the brief" where the listed items are cited. Moreover, Appellant's table of authorities does not contain references to any cases, statutes, or legal authorities, but merely lists a variety of documents that appear to be appended to Appellant's brief without any indication that these documents were presented to the trial court.[3] *See **Boren v. Hill Boren PC***, No. W2021-00478-COA-R3-CV, 2023 WL 3375623, at *9 n.17 (Tenn. Ct. App. May 11, 2023) ("[M]erely including documents in a brief's appendix does not make the documents a part of the appellate record." (citing ***In re Dakota C.R.***, 404 S.W.3d 484, 502 (Tenn. Ct. App. 2012))); ***DuBose v. Parker***, No. W2005-01320-CCA-R3-HC, 2005 WL 3384723, at *4 (Tenn. Crim. App. Dec. 9, 2005) ("[D]ocuments attached to appellate briefs but not certified into the record cannot be considered as part of the record on appeal.").

In addition to Appellant's failure to designate any issues for our review, Appellant's brief also contains no statement of the case, no statement of facts, no argument section, and no conclusion. Instead, prior to both the table of contents and the table of authorities, Appellant's brief contains a single section captioned, "This is My Story[.]" To the extent that this section of Appellant's brief could constitute a statement of facts or an argument, it contains neither references to the record nor citations to any legal authorities. *See also* Tenn. R. Ct. App. 6(b) (stating that no "complaint of or reliance upon action by the trial court" or "assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record" where the action or support for the fact is recorded).

It does appear that Appellant cited a single statute in her reply brief. However, reply briefs are not vehicles for correcting deficiencies in initial briefs. ***Augustin v. Bradley Cnty. Sheriff's Off.***, 598 S.W.3d 220, 227 (Tenn. Ct. App. 2019). And the cited statute concerns the crime of destruction of evidence. *See generally* Tenn. Code Ann. § 39-16-503. Indeed, nothing in either Appellant's initial or reply brief appears to address in any material respect either Rule 60.02 generally or the trial court's central ruling that Appellant had not shown a mistake justifying relief under Tennessee law. As such, Appellant's brief unfortunately fails to set forth any proper legal argument challenging the trial court's ruling. Tennessee courts have repeatedly held that it "is not the role of the courts, trial or

---

[3] Appellant's table of contents likewise contains only a list of documents.

appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." ***Sneed v. Bd. of Prof'l Resp. of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010).

We recognize that Appellant is proceeding pro se in this appeal and therefore may not be fluent in the Rules of this Court. As such, she is granted "a certain amount of leeway in drafting [her] pleadings and briefs." ***Young v. Barrow***, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citations omitted). Yet, it is well settled that "[p]ro se litigants must comply with the same substantive and procedural law to which represented parties must adhere." ***Chiozza v. Chiozza***, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009). So "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, '[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts.'" ***Id.*** (first citing ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); and then quoting ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)); *see also* ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) ("*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden.").

This Court is granted the discretion under Rule 2 of the Tennessee Rules of Appellate Procedure to waive noncompliance with appellate briefing requirements for good cause and adjudicate the issues on their merits.[4] *See* ***DiNovo v. Binkley***, 706 S.W.3d 334, 336 (noting that "Tennessee courts must reasonably exercise their discretion to excuse technical deficiencies that do not significantly impede the appellate process"). This may occur on occasion when, for example, resolution of the case impacts innocent parties such as children. *See* ***Chiozza***, 315 S.W.3d at 489. This is not such a case. We therefore decline to exercise our discretion to waive Appellant's failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee. Accordingly, this appeal is dismissed.

As a final matter, Appellees request their attorney's fees pursuant to Tennessee Code Annotated section 27-1-122, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon

---

[4] That rule provides, in relevant part:

> For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion[.]

Tenn. R. App. P. 2 (listing exceptions not at issue here).

motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

As this Court recently explained,

A successful party should not be forced to bear the costs and vexation of a baseless appeal, nor should appellate courts be saddled with such appeals. *See* **Henderson v. SAIA, Inc.**, 318 S.W.3d 328, 342 (Tenn. 2010). However, the courts must take care not to discourage legitimate appeals and should only impose a penalty pursuant to Tennessee Code Annotated § 27-1-122 in rare and obvious cases of frivolity. **Id.** Whether to award damages due to a frivolous appeal is a discretionary decision by the appellate court. **Young v. Barrow**, 130 S.W.3d 59, 66–67 (Tenn. Ct. App. 2003) (citing **Banks v. St. Francis Hosp.**, 697 S.W.2d 340, 343 (Tenn. 1985)).

**Motealleh v. ReMax TriStar Realty**, No. E2023-01407-COA-R3-CV, 2024 WL 5199839, at *4 (Tenn. Ct. App. Dec. 23, 2024), *perm. app. denied* (Tenn. Mar. 12, 2025).

Appellant's appeal was unfortunately devoid of merit, as her failure to comply with the rules of this Court prevented any success on appeal. We therefore conclude that this appeal was frivolous under section 27-1-122 and award Appellees their reasonable and necessary attorney's fees and expenses incurred in defending this appeal.

## III. CONCLUSION

Based on the foregoing, we dismiss this appeal and remand this matter to the trial court for further proceedings consistent with this Opinion, including the determination of damages pursuant to section 27-1-122. Costs of this appeal are taxed to Appellant Peggy Arlene Russell, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

- 7 -